# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

BENJAMIN ESTABON CARLITO HART,

    Plaintiff,

v.                                Case No. 5:23cv75-TKW/MJF

LT. HARDBOWER, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner case filed under 42 U.S.C. § 1983. The operative complaint is Plaintiff's third amended complaint, Doc. 16. Defendants move to dismiss only Plaintiff's demands for compensatory and punitive damages. Docs. 38, 43. Plaintiff opposes the motion. Doc. 44. The undersigned recommends that Defendants' motion to dismiss be denied.

    **I.**    **SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS**

The Defendants are two correctional officers employed at the Jackson Correctional Institution: Lt. Hardbower and Officer Allen. Doc. 16 at 1–3. Plaintiff alleges that on December 9, 2022, Officers Allen and

Jackson ordered him to submit to a strip search because they believed Plaintiff ingested contraband. *Id.* at 6. Plaintiff complied and was searched by Allen. *Id.* Subsequently, Defendants instructed Plaintiff to put his finger down his throat to self-induce vomit. *Id.* at 7. Plaintiff submitted to hand restraints and then, at the direction of Lt. Hardbower, Allen sprayed Plaintiff's face with mace. Doc. 16 at 5, 7. Plaintiff was allowed to decontaminate and then escorted to the medical department for a post use-of-force medical exam. *Id.* at 5.

Plaintiff alleges that as a result of being sprayed, he suffered the usual temporary side effects of oleoresin capsicum spray (pain, burning sensation, involuntary closing of the eyes, and a gagging reflex), but that he also suffers long-term irritation and "glaucoma-like" symptoms in his right eye as a result of the chemical agents. *Id.*

Plaintiff asserts Eighth Amendment excessive force claims against Defendants. *Id.* at 8. Plaintiff seeks punitive and compensatory damages.

## II.  MOTION TO DISMISS STANDARD

Defendants' motion was filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 38 at 1, 3. To survive dismissal under Rule

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* At the motion to dismiss stage, the plaintiff's allegations are taken as true and construed in the light most favorable to the plaintiff. *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022).

### III.  DISCUSSION

Defendants argue that Plaintiff's claims for compensatory damages are precluded by 42 U.S.C. § 1997e(e) because he did not allege a specific physical injury that was more than *de minimis*. *Id.* at 4–8. Defendants also argue that punitive damages are barred by 18 U.S.C. § 3626(a)(1)(A). *Id.* at 8–16.

For his part, Plaintiff maintains that he suffered physical injuries as a result of the use of the chemical spray. Doc. 44 at 1–3. He also argues

that he is entitled to damages because Defendants acted in bad faith and with malicious and sadistic intent to cause severe pain and serious bodily harm. *Id.* at 3.

**A.    The Issue of Compensatory Damages**

Section 1997e(e) of the Prison Litigation Reform Act (PLRA) prevents a prisoner from *recovering* compensatory damages without a showing of physical injury. 42 U.S.C. § 1997e(e). Subsection 1997e(e) does not define "physical injury," but the Eleventh Circuit has determined that the injury must be more than *de minimis*, although it need not be significant. *Thompson v. Smith*, 805 F. App'x 893, 900–01 (11th Cir. 2020) (citation omitted). Mere discomfort is *de minimis*. *Dixon v. Toole*, 225 F. App'x 797, 799 (11th Cir. 2007). But chemical spraying "done sadistically, with no penological justification, does not constitute a routine discomfort associated with confinement." *Thompson*, 805 F. App'x at 904 (cleaned up).

Here, Plaintiff alleges that Defendants chemical sprayed him maliciously and sadistically without penological justification and that he sustained physical injury as a result. Doc. 16 at 5, 8; Doc. 44 at 3. These

allegations are sufficient to survive a motion to dismiss his request for compensatory damages. *See Thompson*, 805 F. App'x at 904 (explaining that the "greater than *de minimis* requirement does not categorically bar compensatory or punitive damages for temporary injuries arising from an unlawful pepper spraying"); *see also Ruth v. Thomas*, No. CV322-013, 2023 WL 3743617, at *7 (S.D. Ga. May 4, 2023) (refusing to dismiss compensatory damages claim where inmate alleged that he suffered injuries when the defendants chemical sprayed him without a penological purpose); *Jackson v. Lanier*, No. 5:19-cv-114/MCR/MJF, 2021 WL 6339036, at *14 (N.D. Fla. Nov. 29, 2021), *adopted by* 2022 WL 94929 (N.D. Fla. Jan. 10, 2022) (declining to decide the issue of plaintiff's ability to recover compensatory damages at the motion to dismiss stage and explaining that it is more appropriately addressed at the summary judgment stage); *Flanning v. Baker*, No. 5:12-cv-337/MW/CJK, 2015 WL 4393540, at *5 (N.D. Fla. July 15, 2015) (questioning the urgency of deciding, at the motion to dismiss stage, whether plaintiff's claims for compensatory and punitive damages were barred by § 1997e(e), because doing so would not end the litigation or alter the landscape of the case).

Plaintiff will ultimately have to present evidence of a specific, more than *de minimis* physical injury, that he suffered from the chemical spraying in order to be awarded compensatory damages. But at this stage, Plaintiff's allegations, liberally construed and assumed to be true, are sufficient for his compensatory damages request to remain part of the case. Thus, Defendants' motion to dismiss Plaintiff's request for compensatory damages should be denied.

**B.     The Issue of Punitive Damages**

Defendants move to dismiss Plaintiff's demand for punitive damages on the ground that they are barred by 18 U.S.C. § 3626(a)(1)(A). Doc. 38 at 8–16. Section 3626 states as follows:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Punitive damages are included within the definition of "prospective relief" used in the statute. *See Johnson v. Breeden*, 280 F.3d 1308, 1325 (11th Cir. 2002), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015).

Defendants maintain that punitive damages categorically cannot satisfy the requirements of 18 U.S.C. § 3626(a)(1)(A) because: (1) "'correction' of [a] violation [of a federal right] is accomplished through compensatory damages and punitive damages are, by their nature, never corrective"; and (2) punitive damages cannot be "narrowly drawn," "extend no further than necessary," or be "the least intrusive means," to correct the violation of a federal right. Doc. 38 at 9–16. However, Defendants cite no binding precedent which holds that section 3626 prohibits courts from awarding punitive damages in prison-conditions cases. The Eleventh Circuit case Defendants cite, *Johnson*, indicates that punitive damages are permitted in prison-conditions cases. *See* 280 F.3d at 1325 (finding section 3626's "requirements mean that a punitive damages award must be no larger than reasonably necessary to deter the kind of violations of the federal right that occurred in the case" and "that

such awards should be imposed against no more defendants than necessary to serve that deterrent function and that they are the least intrusive way of doing so").

Thus, section 3626 does not imposes a categorical prohibition on an award of punitive damages. *See Benton v. Rousseau*, 940 F. Supp. 2d 1370, 1379–80 (M.D. Fla. 2013) (finding the prisoner was entitled to $15,000 in punitive damages for violations of his First and Fourteenth Amendment rights); *see also, e.g., Flores v. Pugh*, Case No. 3:24-cv-68-TKW-HTC, ECF No. 27 at 10-11 (N.D. Fla. July 12, 2024), *report and recommendation adopted*, ECF No. 35 (N.D. Fla. Aug. 12, 2024); *Santiago v. Walden*, 2024 WL 2895319, at *8 (M.D. Fla. June 10, 2024); *Blake v. Ortega*, 2024 WL 2000107, at *4 (N.D. Fla. Mar. 18, 2024), *report and recommendation adopted*, 2024 WL 1996014 (N.D. Fla. May 6, 2024). For this reason, the District Court should deny Defendants' motion to dismiss Plaintiff's request for punitive damages.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendants' motion to dismiss, Doc. 38, be **DENIED**.

2. This case be returned to the undersigned for further proceedings.

At Pensacola, Florida, this 17th day of September 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**